UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHAREE STANLEY,

      Plaintiff,                               Case No. 16-cv-12884

                                              Paul D. Borman
v.                                              United States District Judge

EXPRESSJET AIRLINES, INC.,

      Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS OR, ALTERNATIVELY, FOR SUMMARY JUDGMENT (ECF NO. 7)

In this religious discrimination action brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000, *et seq.*, and its Michigan counterpart the Elliott-Larsen Civil Rights Act, Mich. Comp. Laws § 37.2101, *et seq.*, Plaintiff, a Muslim woman who was employed as a flight attendant for Defendant ExpressJet Airlines, Inc. ("ExpressJet"), alleges that she was discriminated against on the basis of her religion when Defendant refused to accommodate her religiously held belief that prevents her from personally serving alcohol to passengers. Plaintiff further alleges that Defendant retaliated against her by placing her on administrative leave pending termination for her opposition to Defendant's insistence that she personally serve

1

alcohol to passengers, an employment practice that she sincerely and reasonably believed forced her to abandon her religious beliefs and was discriminatory.

Defendant has filed a motion to dismiss or alternatively for summary judgment, arguing that Plaintiff's claims are preempted by the Railway Labor Act, 45 U.S.C. § 151 *et seq.* ("the RLA"). (ECF No. 7.) Plaintiff has filed a Response (ECF No. 11) and Defendant filed a Reply (ECF No. 12). The Court held a hearing on the motion on May 15, 2017. Following the hearing, both parties submitted supplemental briefing. (ECF Nos. 17, 18.)

I. **BACKGROUND**

Plaintiff is a practicing Muslim who converted to Islam on or about January, 2013. (ECF No. 1, Complaint ¶¶ 13-14.) Plaintiff began working for ExpressJet as a flight attendant shortly thereafter, on or about January 21, 2013. (*Id.* ¶¶ 15-16.) On her first day of employment with ExpressJet, Plaintiff requested that she be permitted to wear a *hijab*, a religiously-mandated Islamic head covering for women to cover their hair, ears, neck, and chest when in public or in the presence of men who are not immediate family members. (*Id.* ¶¶ 17-18.) Plaintiff was granted permission by ExpressJet to wear her *hijab*, which she began wearing in her work as a flight attendant. (*Id.* ¶ 19.)

When Plaintiff began her work as a flight attendant for ExpressJet she was unaware that her religion forbid both the consumption *and serving* of alcohol. She unwittingly served passengers alcoholic beverages as her job required until about June 1, 2015, when she learned of the proscription against serving alcohol. As soon as she became aware that serving alcohol to passengers violated her religiously held beliefs, she made a request to Defendant's Chief Flight Attendant Melanie Brown, that she be granted a religious accommodation that would permit her to not personally serve alcohol to passengers. (*Id*. ¶¶ 20-23.) Ms. Brown granted the request and instructed Plaintiff to make arrangements with the other flight attendant(s) on duty that they would take care of serving all alcoholic beverages to passengers while Plaintiff attended to other passenger needs.

For the following couple of months, Plaintiff was able to make this arrangement with whomever worked with her on a given flight. Plaintiff would relay a passenger's request for an alcoholic beverage to the other flight attendant, who would then serve the alcoholic beverage. This arrangement worked smoothly and without any business interruptions or concerns expressed by Plaintiff's co-workers or passengers. (*Id*. ¶¶ 26-28.)

On or around August, 2015, Plaintiff was informed by ExpressJet that she would no longer be allowed to direct passenger requests for alcohol to other flight

attendants. Plaintiff was told to either resign from her employment or keep her employment and serve alcohol in violation of her religious beliefs. The revocation of the accommodation was purportedly in response to complaints by a flight attendant co-worker who complained about the fact that Plaintiff wore a *hijab*, possessed religious books in Arabic, and refused to personally serve alcohol. (*Id*. ¶¶ 30-32.)

Plaintiff protested the revocation of the previously-granted arrangement to accommodate her religious objection to serving alcohol, both personally and through a written communication from her lawyer, to ExpressJet. Plaintiff's request was denied twice, once after a meeting with ExpressJet personnel and again after Plaintiff submitted a written religious accommodation request that she not be compelled to personally serve alcohol to passengers. (*Id*. ¶¶ 33-35.)

On August 25, 2015, ExpressJet issued a letter to Plaintiff informing her that her previously granted religious accommodation was being revoked and that she was being placed on administrative leave for twelve months, after which her employment would be administratively terminated. (*Id*. ¶ 36.) Plaintiff claims that in revoking the previously granted accommodation and placing her on leave pending termination, ExpressJet management acted in conscious or reckless disregard for Plaintiff's right to be free from religious discrimination and/or retaliation under Title VII and its Michigan counterpart, the Elliott Larsen Civil Rights Act, Mich. Comp. Laws §

32.2101, *et seq.* (ELCRA). Plaintiff alleges that ExpressJet acted with malice and forced her to choose between her religion and her job, denied her a reasonable accommodation and put her on administrative leave and on track for eventual termination, causing her emotional distress, anxiety, humiliation, inconvenience, lost wages and benefits, and other damages. (*Id*. ¶¶ 37-39.) Plaintiff alleges that she has exhausted her administrative remedies and was issued a letter of "Dismissal and Notice of Rights" by the Equal Employment Opportunity Commission ("EEOC") on May 6, 2016. (*Id*. ¶¶ 9-11.) Plaintiff filed her Complaint on August 5, 2016, within 90 days from the date on which she received her Dismissal and Notice of Rights from the EEOC. (*Id*. ¶ 12.)

Defendant now moves to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim or, alternatively, under Fed. R. Civ. P. 56, for failure to create a genuine dispute of material fact.[1] For the reasons that follow, the

---

[1] Many courts analyze RLA preemption arguments under Fed. R. Civ. P. 12(b)(1), concluding that the preemption question implicates the court's subject matter jurisdiction to entertain the suit. *See, e.g. Brown v. Illinois Central R.R. Co.*, 254 F.3d 654 (7th Cir. 2001) (reviewing *de novo* district court's conclusion that it lacked subject matter jurisdiction over plaintiff's ADA claim which was precluded by the RLA). The Sixth Circuit, however, appearing to be in the minority, has held that "completion of the RLA-mandated arbitral process does not affect a district court's subject matter jurisdiction over a claim but instead goes to the court's ability to reach the merits of a dispute and grant relief . . . ." *Emswiler v. CSX Transp., Inc.*, 691 F.3d 782, 790 (6th Cir. 2012).

Court DENIES the motion.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a case where the complaint fails to state a claim upon which relief can be granted. When reviewing a motion to dismiss under Rule 12(b)(6), a court must "'construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff.'" *Handy-Clay v. City of Memphis*, 695 F.3d 531, 538 (6th Cir. 2012) (quoting *Directv Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). The court "need not accept as true a legal conclusion couched as a factual allegation, or an unwarranted factual inference." *Handy-Clay*, 695 F.3d at 539 (internal quotation marks and citations omitted). *See also Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007) ("Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice.").

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court explained that "a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.* at 555 (internal quotation marks

and citations omitted) (alteration in original). "To state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *LULAC v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007).

The Supreme Court clarified the concept of "plausibilty" in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009):

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*, at 557 (brackets omitted).

*Id*. at 678.

Thus, "[t]o survive a motion to dismiss, a litigant must allege enough facts to make it plausible that the defendant bears legal liability. The facts cannot make it merely possible that the defendant is liable; they must make it plausible. Bare assertions of legal liability absent some corresponding facts are insufficient to state a claim." *Agema v. City of Allegan*, 826 F.3d 326, 331 (6th Cir. 2016) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

7

In ruling on a motion to dismiss, the Court may consider the complaint as well as (1) documents that are referenced in the plaintiff's complaint and that are central to plaintiff's claims, (2) matters of which a court may take judicial notice (3) documents that are a matter of public record, and (4) letters that constitute decisions of a governmental agency. *Thomas v. Noder-Love*, 621 F. App'x 825, 829 (6th Cir. 2015) ("Documents outside of the pleadings that may typically be incorporated without converting the motion to dismiss into a motion for summary judgment are public records, matters of which a court may take judicial notice, and letter decisions of governmental agencies.") (Internal quotation marks and citations omitted); *Armengau v. Cline*, 7 F. App'x 336, 344 (6th Cir. 2001) ("We have taken a liberal view of what matters fall within the pleadings for purposes of Rule 12(b)(6). If referred to in a complaint and central to the claim, documents attached to a motion to dismiss form part of the pleadings. . . . [C]ourts may also consider public records, matters of which a court may take judicial notice, and letter decisions of governmental agencies."); *Greenberg v. Life Ins. Co. Of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999) (finding that documents attached to a motion to dismiss that are referred to in the complaint and central to the claim are deemed to form a part of the pleadings). Where the claims rely on the existence of a written agreement, and plaintiff fails to attach the written instrument, "the defendant may introduce the pertinent exhibit," which is then

considered part of the pleadings. *QQC, Inc. v. Hewlett-Packard Co.*, 258 F. Supp. 2d 718, 721 (E.D. Mich. 2003). "Otherwise, a plaintiff with a legally deficient claims could survive a motion to dismiss simply by failing to attach a dispositive document." *Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997).

"If on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). The premature entry of summary judgment can be an abuse an discretion. "*If* the non-movant makes a proper and timely showing of a need for discovery, the district court's entry of summary judgment without permitting him to conduct any discovery at all will constitute an abuse of discretion." *Alspaugh v. McConnell*, 643 F.3d 162, 166 (6th Cir. 2011) (internal quotation marks and citation omitted) (emphasis in original).

### III. ANALYSIS

ExpressJet moves to dismiss Plaintiff's Complaint, arguing that Plaintiff's claims are preempted by the RLA because resolution of her claims necessarily requires the Court to interpret the collective bargaining agreement that was in effect and governed the terms and conditions of Plaintiff's employment with ExpressJet.

9

According to Defendant, Plaintiff's employment was governed by the 2008 Atlantic Southeast Airlines-Association of Flight Attendants CBA. ("The ASA-AFA 2008 CBA"). According to Defendant, the resolution of Plaintiff's claims will require this Court to interpret the CBA's seniority provisions because her requested accommodation will necessarily interfere with and/or affect the collectively bargained seniority rights of other ExpressJet flight attendants. Such claims, Defendants argue, are subject to the RLA's mandatory arbitration provision and are pre-empted (if state law claims) or precluded (if federal claims) by the RLA. *See, e.g. Emswiler v. CSX Transp., Inc.*, 691 F.3d 782, 792 (6th Cir. 2012) (if plaintiff's claim requires interpretation of the CBA or if the right claimed by plaintiff was created by the CBA, the claim is preempted by the RLA); *Brown v. Illinois Central R.R. Co*., 254 F.3d 654, 668 (7th Cir. 2001) (where interpretation of the CBA's seniority provisions could dispose of plaintiff's discrimination claim as a matter of law, the claim is not independent and is precluded by the RLA); *Trans World Airlines, Inc. v. Hardison*, 432 U.S. 63, 83 (1977) ("TWA was not required by Title VII to carve out a special exception to its seniority system in order to help [plaintiff] to meet his religious obligations."); *Cooper v. Oak Rubber Co*., 15 F.3d 1375, 1380 (6th Cir. 1994) (Relying on *Hardison* to deny a requested religious accommodation and observing that "it 'would be anomalous to conclude that by 'reasonable accommodation'

Congress meant that an employer must deny the shift and job preferences of some employees, as well as deprive them of their contractual rights, in order to accommodate or prefer the religious needs of others[.]") (quoting *Hardison*, 432 U.S. at 81). Defendant argues that Plaintiff's claims are conclusively resolved by the CBA, because granting her accommodation request would require Defendant to abandon or ignore several aspects of its seniority system, particularly in the event that Plaintiff was assigned to fly on a single flight attendant aircraft, thus necessitating an interpretation of the CBA.

The Court declines to consider the CBA at this pleading stage and thus declines to consider the merits of Defendant's preemption argument at this time. In ruling on a motion to dismiss, the Court may consider the complaint as well as (1) documents that are referenced in the plaintiff's complaint and that are central to plaintiff's claims, (2) matters of which a court may take judicial notice (3) documents that are a matter of public record, and (4) letters that constitute decisions of a governmental agency. *Noder-Love*, 621 F. App'x at 830.

The CBA was not attached to, mentioned in, or even indirectly referenced in Plaintiff's Complaint. Nor does it appear from the face of Plaintiff's Complaint that the CBA is central to Plaintiff's claims – rather it appears that the CBA is central to ExpressJet's defense. *See Miller v. Mylan*, 741 F.3d 674, 679 (6th Cir. 2014) (finding

11

that a document not referenced in the complaint not central to plaintiff's claim as pled was, "[i]f anything . . . central to the defense [and] precisely the sort of document on which defendant could properly rely in a motion for summary judgment, along with appropriate authentication supporting its admission") (Gibbons, J., concurring). *See also Mediacom Southeast LLC v. BellSouth Telecommunications, Inc.*, 672 F.3d 396, 398 (6th Cir. 2012) ("While documents 'integral' to the complaint" may be relied upon, even if [they are] not attached or incorporated by reference, [i]t must also be clear that there exist no material disputed issues of fact regarding the relevance of the document.") (internal quotation marks and citations omitted) (alterations in original). Here, Plaintiff disputes the relevance of the CBA to her claims, which she asserts are "based solely on independent federal and state statutory civil rights that arise under Title VII and the ELCRA." (ECF No. 11, Pl.'s Resp. 21, PgID 226.)

In urging the Court to consider the CBA, Defendant relies on this Court's recent decision in *Robinson v. V&S Detroit Galvanizing, LLC*, 195 F. Supp. 3d 916 (E.D. Mich. 2016). In *Robinson*, this Court did consider a CBA that was not attached to the plaintiff's complaint. *Robinson*, however, is distinguishable in that the complaint there expressly alleged that plaintiff was terminated pursuant to a "clause" of an employment agreement (the CBA), a clause that plaintiff also claimed was contrary to public policy. 195 F. Supp. 3d at 920-21. No such "hook" to the CBA is found in

12

Plaintiff's Complaint here.

Defendant also suggests, with no citation to authority or analysis, that the CBA is within that category of "public records" that the Court can consider on a motion to dismiss. The Court is not convinced. *See Kovac v. Superior Dairy, Inc.*, 930 F. Supp. 2d 857, 863 (N.D. Ohio 2013) (concluding that the CBA between defendant and its employees' union was not a public record and could not be considered on a motion to dismiss without converting the motion to one for summary judgment, and declining to consider the CBA and convert the motion).

Plaintiff takes the stance that her claims are separate and independent of the CBA and do not affect or implicate the seniority provisions of the CBA at all. While discovery may prove differently, nothing in Plaintiff's Complaint directly contradicts this contention.

## IV. CONCLUSION

The Court cannot address the Defendant's RLA preemption argument without considering the CBA, and the Court declines to consider the CBA at this pleading stage, and will deny Defendant's request that the Court alternatively consider the motion as one for summary judgment. Defendant makes no other argument regarding the sufficiency of Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(6) and the Court therefore DENIES Defendant's motion to dismiss. Defendant is not precluded from

reasserting its preemption argument in a motion for summary judgment following discovery and development of a more robust record.

Defendant is ORDERED to file an Answer to Plaintiff's Complaint within fourteen (14) days of the date of this Opinion and Order.

IT IS SO ORDERED.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: June 7, 2017

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 7, 2017.

s/Deborah Tofil
Case Manager